UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTLE SYMONE WAUGH,

          Plaintiff,

v.

          Civil Case No. 23-10025
          Honorable Linda V. Parker

JASON MILLER, CARL SORENSEN,
GARRET BUITING, KYLE WEINGARTZ,
ERYN JANES, and COUNTY OF OAKLAND,

          Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT

On January 4, 2023, Plaintiff Krystle Waugh initiated this civil rights lawsuit against Defendants Oakland County and five Oakland County Sheriff Deputies: Jason Miller, Carl Sorensen, Garret Buiting, Kyle Weingartz, and Eryn Janes (collectively "the Deputies").  On March 15, 2023, the Deputies filed a motion for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure with respect to two of the seven claims against them: Count III titled "Assault and Battery by Police Officers" and Count VIII titled "Malicious Prosecution."  (ECF No. 8.)

As of this date, Ms. Waugh has not filed a response to the Deputies' motion, although the deadline to do so expired on March 29, 2023.  *See* E.D. Mich. LR

7.1(e) (indicating that a response to a motion generally must be filed within 14 days after service of the motion unless the motion is listed in subsection (2)). The Court still must review the motion to determine whether it has merit. However, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons below, the Court is granting the Deputies' motion.

I. **Legal Standard**

Under Rule 12(e), "[a] party may move for more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002) (quoting *Tilley v. Allstate Ins. Co.* 40 F. Supp. 2d 809, 814 (S.D. W. Va. 1999)); *see also Resol. Trust Corp. v. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993) ("Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail").

A motion for more definite statement is generally left to the district court's discretion. *Sheffield*, 211 F.R.D. at 414 (citing *Tilley,* 40 F. Supp. 2d at 814). Courts should deny a Rule 12(e) motion if the complaint satisfies the notice pleading requirements of Rule 8. *Batson v. Genesee Cnty. Sheriff's Deputy Hoover*, No. 17-

12214, 2017 WL 4698968, at *1 (E.D. Mich. Oct. 19, 2017). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.    Analysis

As stated, the Deputies seek a more definite statement as to two of Ms. Waugh's claims.  First, they indicate that Ms. Waugh fails to identify which defendants are included in her assault and battery claim (Count III) and malicious prosecution claim (Count VIII).  (ECF. No. 8 at Pg ID 69.)  Next, the Deputies indicate that Ms. Waugh fails to specify whether these claims are brought under federal or state law.  *Id.*  The Deputies' final complaint relates to Ms. Waugh's reference to "Plaintiff Hassoun" in Count III. (*See* ECF No. 1 at Pg ID 9, ¶ 49.) The Deputies assert that they are unable to respond to this allegation because this individual is not referenced anywhere else in the Complaint.  (ECF. No. 8 at Pg ID 74.)

With respect to the Deputies' first argument, Ms. Waugh does, in fact, fail to specify who the claims are asserted against.  (*See* ECF No. 1 at Pg ID 9, 17.) Count III states "police officers" generically, and Count VIII does not name any deputies in the title or the body paragraphs.  (*Id.*)  The Complaint relatedly refers to the Deputies collectively without specific factual allegations enabling them or the

3

Court to understand what each individual defendant did to support their liability or to assess whether these counts are events asserted against all five deputies.

To plead an individual-capacity claim against a government official, a plaintiff "must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002) (citations omitted); *see also Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 676) (stating that "[a] critical aspect of the § 1983 . . . universe is that to be held liable, a plaintiff must demonstrate 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'"). For these reasons, the Court finds it necessary for Ms. Waugh to clarify exactly which Deputies are sued in Counts III and VIII and the actions of each deputy on which the claims are based.

Next, Ms. Waugh does not specify whether Counts III and VIII are brought under federal or state law. As indicated, Rule 8 requires Ms. Waugh to give the Deputies "fair notice" of the ground(s) upon which her claims rest. *Twombly*, 550 U.S. at 555. The Court acknowledges that "assault and battery" is a term typically used to assert a state law claim. "Excessive force" and malicious prosecution, however, are used to refer to a violation of federal *and* state law. For these reasons, Ms. Waugh must specify whether the claims rest on state or federal law.

4

Finally, concerning the mention of "Plaintiff Hassoun" in Count III, it is unclear whether Ms. Waugh's counsel recycled an old complaint, or this individual is relevant to this lawsuit. The inclusion must be corrected or clarified for the record.

### III. Conclusion

For the reasons stated above, a more definite statement is needed. Accordingly,

**IT IS ORDERED** that the Deputies' motion for more definite statement (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Ms. Waugh shall file an amended complaint that cures the deficiencies identified above within fourteen (14) days of this Opinion and Order.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 28, 2023