UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTLE SYMONE WAUGH,

        Plaintiff,

                                Civil Case No. 23-10025
v.                              Honorable Linda V. Parker

JASON MILLER, CARL SORENSEN,
GARRET BUITING, KYLE WEINGARTZ,
ERYN JANES, and COUNTY OF OAKLAND,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT OAKLAND COUNTY'S MOTION TO DISMISS

On January 4, 2023, Plaintiff Krystle Waugh initiated this lawsuit against Defendants Oakland County and five Oakland County Sheriff Deputies claiming civil rights violations under 42 U.S.C. § 1983. This lawsuit arises from Ms. Waugh's arrest on October 19, 2021. As to Oakland County, Ms. Waugh alleges that the deputies' alleged violations of her constitutional rights were caused by County policies, practices, or customs. (ECF No. 1 at Pg ID 4, ¶ 14.)

Oakland County filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 15, 2023. (ECF No. 7.) Ms. Waugh, through counsel, filed a response to the motion on June 26, 2023, exceptionally later—82 days later to be specific—than the 21-day deadline in Eastern District of Michigan Local Rule

7.1(e)(2)(a).  (ECF No. 10.)  Plaintiff did not seek an extension of time before doing

so.  *See* Fed. R. Civ. P. 6(b).  While the Court generally would strike such a late

response, it chooses not to do so here.  Oakland County filed a reply to the response

on July 5, 2023.  (ECF No. 11.)  Having reviewed the parties' briefs, the Court finds

oral argument unnecessary.  *See* E.D. Mich. LR 7.1(f).  For the reasons that follow,

the Court is granting Oakland County's motion to dismiss.

## I.    Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI*

*Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th. Cir. 1996).

As the Supreme Court provided in *Iqbal* and *Twombly*, "to survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

In deciding whether the plaintiff has set forth a "plausible" claim, the court

must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions,

however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing Twombly, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co.*, *Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 420 (6th. Cir. 2008).

## II.    Factual Background

On October 19, 2021, Ms. Waugh witnessed an encounter between Oakland County Deputies and her boyfriend in Lake Orion, Michigan. (ECF No. 1 at Pg ID 4, ¶ 14.) Ms. Waugh began recording the incident and thereafter the deputies approached her. (*Id*. at ¶¶ 15, 17.) Despite Ms. Waugh's calm demeanor and lack of outstanding warrants, the deputies arrested her. (*Id.* at Pg ID 3, 4, ¶¶ 13, 17.) Ms. Waugh alleges that she suffered a significant ligament injury to her thumb due to the excessive force deployed by the deputies. (*Id.* at Pg ID 4, ¶ 18.)

Following the arrest, Ms. Waugh was transported to the Oakland County Jail where she remained until her arraignment.  (*Id.* at ¶ 20.)  Ms. Waugh alleges that there was no probable cause to arrest her or keep her in jail.  (*Id.* at ¶¶ 19, 21.)  As a result of the incident, news articles were published regarding Ms. Waugh's arrest. (*Id.* at Pg ID 5, ¶ 26.)

As indicated, Ms. Waugh filed this lawsuit asserting violations of her constitutional rights under 42 U.S.C. § 1983.  In Count IV of her Complaint, Ms. Waugh alleges that Oakland County is liable for the deputies' unconstitutional conduct due to its "own customs, policies, and or practices."  (*Id.* at Pg ID 10, ¶ 54.)

## III.   Applicable Law & Analysis

### A.     Oakland County Liability—*Monell* Claim

Section § 1983 creates a federal cause of action against state or local officials who deprive a person of a civil right while acting under color of state law. For § 1983 purposes, local governments are not vicariously liable for their employees' actions.  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). Instead, a municipality may be held liable for the deprivation of a plaintiff's constitutional rights only where the deprivation results from an official custom or policy of the municipality.  *Id.* at 694.  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and

practices so persistent and widespread as to practically have the force of law."
*Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted).

To show the existence of a municipality's policy or custom, a plaintiff must
demonstrate one of the following: "(1) the existence of an illegal official policy or
legislative enactment; (2) that an official with final decision making authority
ratified illegal actions; (3) the existence of a policy of inadequate training or
supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to]
federal rights violations." *D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)
(quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).  In addition, a
plaintiff must establish that the policy or custom was the "moving force behind the
deprivation of [her] rights."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.
1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)) (citation omitted).

### 1.    Official Policy

To hold a municipal defendant liable under the official policy theory, a
plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy
to the municipality, and (3) show that [her] particular injury was incurred due to
the execution of that policy."  *Verecke v. Huron Valley Sch. Dist.*, 609 F.3d 392,
403 (6th Cir. 2010).

Ms. Waugh does not identify an official policy.  Throughout her Complaint,
she refers to the "policies" of Oakland County as the cause of her injuries.  (*See*

*generally* ECF No. 1.)  However, in Ms. Waugh's response to the motion to dismiss, she repeatedly asserts that she is not aware of any policies at this time. (*See, e.g.*, ECF No. 10 at Pg ID 81 ("At this juncture it is impossible to tell the culpability of Defendant because Defendant is not forthcoming—as a government entity must be—with its policies); *id.* at Pg ID 84 ("Only then will it be completely known whether the officers were at fault, the County [sic] at fault, whether a policy exists or the County [sic] indifferent with no policy, or any other consideration under *Monell*"); *id.* at Pg ID 85 ("It is impossible to determine the County's culpability without thorough discovery of its actual policies").)  Ms. Waugh argues that the motion to dismiss should not be granted until the parties are given adequate time for discovery.  (ECF No. 10 at Pg ID 86.)

*Twombly* and *Iqbal* preclude Ms. Waugh's argument.  The pleading standard applicable to *Monell* claims is not more liberal than that set forth in *Twombly* and *Iqbal.*  Rather, the pleading standard set forth in *Twombly* and *Iqbal* applies to *Monell* claims.  *Bailey v. City of Ann Arbor*, 860 F.3d 382, 388-89 (6th Cir. 2017) (refusing to apply a different pleading standard with respect to *Monell* claims).

In response to the motion to dismiss, Ms. Waugh asserts that Oakland County is not forthcoming with its policies.  (ECF No. 10, at Pg ID 84.)  Thus, she argues, she is unable to determine whether an official policy exists before discovery.  (*Id.*)  As Oakland County indicates in its reply, the Sixth Circuit has

"rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control." *Chesbrough v. VPA*, *P.C.*, 655 F.3d 461, 472 (6th Cir. 2011).

A "plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim." *Curney v. City of Highland Park*, No. 11-12083, 2012 WL 1079473, at *5 (E.D. Mich. Mar. 30, 2012). "A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant." *Id.* To survive Oakland County's motion to dismiss, Ms. Waugh must allege sufficient facts in her Complaint from which a reasonable inference could be drawn that the alleged constitutional violation was caused by an official policy. *See Iqbal*, 556 U.S. at 678. Because Ms. Waugh admittedly acknowledges that she does not know of any official policies that could have caused her injuries, the Court finds that she cannot support her claim of municipal liability through this first avenue.

As an alternative, Ms. Waugh argues that Oakland County is liable because it lacks an official policy for dealing with citizens videotaping police interactions, thereby demonstrating Oakland County's grave indifference to the matter. In *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019), the Sixth Circuit declined to analyze a "failure to adopt a policy theory" under *Monell*, and instead analyzed the claim under the failure-to-train theory. *Id.* at 828 n. 20; *see also Gillispie v. City of Miami Twp.*, No. 313-CV-416, 2020 WL 5629677, at *6 (S.D.

Ohio Sept. 21, 2020) (refusing to recognize a failure to adopt a policy theory and analyzing the argument under the failure-to-train theory).  The Court will do the same below.

## 2.    Tolerance or Acquiescence

To bring a *Monell* claim based on a City's alleged custom of tolerance of or acquiescence to federal rights violations, a plaintiff must allege:

> (1) the existence of a clear and persistent pattern of illegal activity; (2) notice or constructive notice on the part of the defendant; (3) the defendant's tacit approval of unconstitutional conduct, such that [its] deliberate indifference in [its] failure to act can be said to amount to an official policy of inaction; and (4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996)) (cleaned up).

Ms. Waugh alleges that Oakland County "was deliberately indifferent to and permitted and tolerated a pattern and practice of false arrests, false imprisonments, and malicious prosecutions by police officers of the Oakland County Sheriff's Department."  (ECF No. 1 at Pg ID 5, ¶ 28.)  Applying the elements stated above, Ms. Waugh's claim fails at step one.  The Sixth Circuit has made clear that "one instance of potential misconduct" does not show "a clear and persistent pattern" of constitutional violations.  *Stewart v. City of Memphis*, 788 F. App'x 341, 347 (6th Cir. 2019) (quoting *Thomas*, 398 F.3d at 432-433).  The Complaint mentions no

previous false arrests, false imprisonments, or malicious prosecutions to demonstrate a clear and persistent pattern.  In fact, Ms. Waugh does not discuss any incidents aside from her own to support her claim.  Thus, she fails to establish a *Monell* claim through this second avenue.

### 3.  Failure to Train

Ms. Waugh alleges that Oakland County "failed to train and re-train Oakland County deputies to follow constitutional precedent and legal guidelines in the arrest, imprisonment, and prosecution of individuals."  (ECF No. 1 at Pg ID 6, ¶ 30.)  In her response brief, Ms. Waugh also alleges that Oakland County is liable because it lacks an official policy for dealing with citizens videotaping police interactions, thereby demonstrating Oakland County's grave indifference to the matter.

To hold a municipality liable for failing to train its employees, "a plaintiff must establish that: (1) the City's training program was inadequate for the tasks that officers must perform; (2) the inadequacy was the result of the City's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the [plaintiff's] injury."  *Jackson*, 925 F.3d at 834 (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)).

To establish deliberate indifference, a plaintiff must normally show "prior instances of unconstitutional conduct demonstrating that the [municipality] has

ignored a history of abuse and was clearly on notice that the training in this

particular area was deficient and likely to cause injury." *Marcilis v. Twp. Of

Redford*, 693 F.3d 589, 605 (6th Cir. 2012) (quoting *Plinton v. Cnty. of Summit*,

540 F.3d 459, 464 (6th Cir. 2008)).  Alternatively, in a narrow range of

circumstances, a plaintiff may show deliberate indifference through "a single

violation of federal rights, accompanied by a showing that a municipality has failed

to train its employees to handle recurring situations presenting an obvious potential

for such a violation." *Plinton*, 540 F.3d at 464 (quoting *Bd. of Cnty. Comm'rs of

Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997)).  "'Obvious potential for such a

violation' has two elements:  It must be obvious that the failure to train will lead to

certain conduct, *and* it must be obvious (i.e. clearly established) that the conduct

will violate constitutional rights." *Arrington-Bey v. City of Bedford Heights*, 858

F.3d 988, 995 (6th Cir. 2017).

It is the "rare" instance where *Monell* liability can be established on a single-

incident, failure-to-train theory.  *Connick*, 563 U.S. at 64.  This is in part because,

"in virtually every instance where a person has had his or her constitutional rights

violated by a city employee, § 1983 plaintiffs will be able to point to something the

city 'could have done' to prevent the unfortunate incident." *City of Canton v.

Harris*, 489 U.S. 378, 392 (1989).  Failing to properly limit this theory would

"result in de facto respondeat superior liability on municipalities," which was rejected in *Monell*. *Id.* at 391.

Beginning with the first theory, Ms. Waugh does not allege any previous instances of unconstitutional conduct. Without a showing of prior instances of misconduct, Ms. Waugh cannot establish that Oakland County was on notice that its training in these particular areas was deficient or likely to cause injury. *See D'Ambrosio*, 747 F.3d at 388 (holding that three prior instances of misconduct could not establish a county having notice of repeated unconstitutional conduct in support of a failure to train claim). The Complaint is devoid of any allegations from which to find Oakland County's awareness of "a deficiency with the existing policy (or lack thereof)," which is required to establish deliberate indifference under this theory.

Next, because Ms. Waugh pleads no prior instances of misconduct, she appears to be relying on the single incident theory. Ms. Waugh claims that because video recording police officers has become so common in today's society, "it is unfathomable" that Oakland County does not have a policy to govern such situations. (ECF No. 10 at Pg ID 82.) However, Ms. Waugh also claims that she does not know whether Oakland County has a policy on citizens recording police officers. (*Id.* at Pg ID 84.)

As indicated above, this theory requires "a showing that a municipality has failed to train its employees to handle recurring situations." *Plinton*, 540 F.3d at 464. According to Ms. Waugh, she is uncertain whether Oakland County failed to train its employees on this matter. Thus, she cannot make this showing. Even further, Ms. Waugh fails to allege facts to support the inference that, absent additional training, it was highly predictable that the deputies would violate constitutional rights when dealing with citizens recording them.

For these reasons, Ms. Waugh fails to plead an adequate *Monell* claim against Oakland County based on a failure-to-train theory.

### 4.    Failure to Investigate

A plaintiff may demonstrate a municipality's liability based on its failure to properly investigate and punish allegations of unconstitutional conduct. *See Pineda. v. Hamilton Cnty.*, 977 F.3d 483, 495 (6th Cir. 2020). However, "an allegation of a *single* failure to investigate a single plaintiff's claim does not suffice." *Id.* For a plaintiff to prove such a claim, there must be evidence of "not only an inadequate investigation in this instance," but also "a clear and persistent pattern of violations in earlier instances." *Id.* (quoting *David v. City of Bellevue*, 706 F. App'x 847, 853 (6th Cir. 2017)). The pattern of inadequate investigations must also concern comparable claims. *Id.* (quoting *Stewart*, 788 F. App'x at 344).

Ms. Waugh's failure-to-investigate theory suffers from the same inadequacies as her custom and failure-to-train theory.  Ms. Waugh claims that Oakland County lacked a proper system for investigating and reviewing incidents of false arrest and imprisonment by officers.  (ECF No. 1 at Pg ID 6, ¶ 30.) However, she offers no prior instances to establish a clear and persistent pattern of failing to investigate claims.  Therefore, she fails to adequately allege a *Monell* claim based on this theory.

## IV.    Conclusion

For the reasons stated, the Court concludes that the allegations in Ms. Waugh's Complaint, at least with respect to the *Monell* claim against Oakland County, fail to satisfy the pleading requirements set forth in *Twombly* and *Iqbal*.

Accordingly,

**IT IS ORDERED** that Oakland County's motion to dismiss (ECF No. 7) is **GRANTED** and this party shall be terminated from this action.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 28, 2023